Filed 12/16/25  Pontes v. Intelliloan CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHAZ PONTES, | G064585 |
| Plaintiff and Respondent, | (Super. Ct. No. 30-2021-01191704) |
| v. | |
| INTELLILOAN, INC, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, David A. Hoffer, Judge. Reversed and remanded with directions.

Cummins & White, Erick J. Becker and Hwui Lee for Defendant and Appellant.

Robinson Employment Law, Michael C. Robinson and Lakesha L. Robinson for Plaintiff and Respondent.

Plaintiff Chaz Pontes filed a motion asking the trial court to vacate its earlier order compelling his claims to arbitration, arguing defendant Intelliloan, Inc. (Intelliloan) had failed to timely pay arbitration fees under Code of Civil Procedure section 1281.98, subdivision (a)(1).[1] Relying on court of appeal cases for the propositions that the statute is strictly applied and not preempted by the Federal Arbitration Act (FAA), the trial court granted Pontes's motion (and then denied Intelliloan's motion for reconsideration). Intelliloan appealed.

While the appeal was pending, the California Supreme Court decided *Hohenshelt v. Superior Court* (2025) 18 Cal.5th 310 (*Hohenshelt*), finding section 1281.98, when properly interpreted, is not preempted by the FAA. (*Hohenshelt*, at p. 323.) Notably, it rejected the rigid construction of section 1281.98 applied by various courts of appeal and "instead conclude[d] that the statute does not abrogate the long-standing principle, established by statute and common law, that one party's nonperformance of an obligation automatically extinguishes the other party's contractual duties only when nonperformance is willful, grossly negligent, or fraudulent." (*Hohenshelt*, at p. 323) It found "no indication that [the Legislature] intended to strip companies and employers of their contractual right to arbitration where nonpayment of fees results from a good faith mistake, inadvertence, or other excusable neglect." (*Ibid.*)

Applying *Hohenshelt*, we reverse the trial court's order granting Pontes's motion to vacate and remand the matter for further proceedings consistent with this opinion and *Hohenshelt*, including whether Intelliloan

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

may be excused for its failure to timely pay arbitration fees and whether the delay resulted in compensable harm to Pontes.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2021, Pontes filed his complaint against Intelliloan and Metropolitan Home Mortgage, Inc. (Metropolitan).[2] Among other things, Pontes asserted he was hired by defendants in October 2019 and terminated in April 2020. The complaint asserted 12 employment-related causes of action, including a claim for wrongful termination.

In May 2021, Intelliloan filed a motion to compel arbitration and stay the action pending conclusion of the arbitration proceedings. In support of the motion, Intelliloan submitted an arbitration agreement dated October 21, 2019. It stated, among other things: "The arbitrability of any controversy, dispute or claim under this Agreement shall be determined by application of the substantive provisions of the [FAA] (9 U.S.C. Sections 1 and 2) and by application of the procedural provisions of the California Arbitration Act." Pontes opposed the motion, and Intelliloan filed a reply. In December 2021, the trial court granted the motion to compel arbitration and stayed the proceedings.

The parties proceeded with arbitration before a JAMS arbitrator. On November 20, 2023, JAMS issued a notice of hearing for four days in March 2024 and an invoice for $52,000. The notice stated "[a]ll fees are due upon receipt," and the invoice stated "[p]ayment is due upon receipt."

On January 4, 2024, Pontes requested an informal discovery conference with the arbitrator. On January 9, 2024, the JAMS case manager

_____

[2] In its opening brief on appeal, Intelliloan says Metropolitan "changed its corporate name to Intelliloan during the pendency of this matter and therefore Intelliloan is the sole defendant and appellant in this matter."

3

emailed the parties, saying "the retainer fees on deposit would need to be replenished" and a call would be scheduled once the fees were paid. The email attached an invoice for $4,000 dated January 8, 2024. On January 11, 2024, Pontes's counsel emailed the JAMS case manager, copying Intelliloan's counsel, stating Pontes was electing to withdraw from arbitration pursuant to sections 1281.97 and 1281.98.

On January 16, 2024, Pontes filed a motion in the trial court seeking to vacate the court's prior order compelling arbitration and staying the action; the motion also sought sanctions. Pontes asserted Intelliloan had materially breached the arbitration agreement under section 1281.98 by failing to pay the arbitration fees that were invoiced on November 20, 2023. Pontes also asserted he was entitled to an award of $3,345 under sections 1281.98, subdivision (c)(2) and 1281.99 for the attorney fees and costs he incurred to bring the motion.[3]

Intelliloan opposed the motion, asserting section 1281.98 is preempted by the FAA. It also argued it did not violate section 1281.98 because the operative due date was the cancellation date of February 16, 2024,[4] and it had made a payment of $52,000 on January 17, 2024.[5]

---

[3] Pontes noted he intended to later file a separate motion under section 1281.98, subdivision (c), for the attorney fees and costs he had incurred in connection with the purportedly abandoned arbitration proceeding.

[4] Intelliloan submitted an email dated January 11, 2024, from the JAMS case manager stating February 16, 2024 "is also when fees are due, if unpaid the dates will be removed from calendar."

[5] Intelliloan asserted it paid the $4,000 invoice by February 6, 2024.

4

Additionally, Intelliloan contended Pontes waived his right to withdraw under section 1281.98 because he had continued to participate in the arbitration proceedings after the supposed failure to pay and had agreed to an extension of the original arbitration hearing date.[6] Pontes filed a reply.

In May 2024, the trial court granted Pontes's motion. The court found it was undisputed that JAMS sent an invoice dated November 20, 2023, and Intelliloan did not pay it until January 17, 2024. The court noted both the notice of hearing and invoice stated payment was due upon receipt, and there was "no express provision in the arbitration agreement stating the number of days in which the parties to the arbitration must pay any required fees or costs." Thus, the court found the statutory payment deadline was December 20, 2023, and Intelliloan had failed to make the payment until after it had already breached the statutory payment deadline.

The trial court rejected Intelliloan's argument that the payment was not actually due until February 16, 2024. It noted the February 16, 2024 "date stated in the [n]otice applied to the deadline to cancel or continue the arbitration hearing date, otherwise risk losing fees already paid with the current hearing date," and "[t]he representation by JAMS that the payment was not due until [February 16, 2024] has no bearing on when payment is due under the statute." The court stated "[s]ection 1281.98 does not allow for any extension of time for the due date absent an agreement 'by all parties'" and relied on court of appeal cases that found the statute was strictly enforced without regard to whether the belated payment was intentional or inadvertent.

---

[6] Intelliloan asserted the arbitration was originally scheduled to start on February 27, 2023, and there was an October 27, 2022 invoice for $42,900, which was not paid by November 26, 2022.

5

The trial court also rejected Intelliloan's argument that the FAA preempts section 1281.98. The court stated no controlling authority supports that preemption argument, and instead, "California courts have rejected FAA preemption because the prompt payment of arbitration fees promotes, rather than hinders, resolution via arbitration." The court also rejected Intelliloan's argument that Pontes waived his right to withdraw from arbitration by continuing to participate in the arbitration. The court awarded Pontes $3,345 in monetary sanctions under section 1281.99.

In May 2024, Intelliloan filed a motion for reconsideration. Intelliloan asserted there was new authority (which has since been ordered depublished) that had determined section 1281.97 is preempted by the FAA.[7] Pontes filed an opposition, asserting that case was factually distinguishable and its preemption discussion was dicta. Pontes also asserted a new argument that his claims should never have been sent to arbitration in the first instance, because the arbitration agreement Intelliloan relied on to compel arbitration had been superseded by a series of eight agreements (each entitled "Licensing Cost and Repayment Agreement") that Intelliloan and Pontes signed on January 2, 2020. Pontes explained the agreements were not produced in discovery until late 2022 and he argued Intelliloan's conduct shows it "kept important information from the Court and Pontes in an effort to get this case to an unfair venue where Intelliloan could delay the process and prevent discovery by not paying the arbitrator." Intelliloan filed a reply.

In August 2024, the trial court denied Intelliloan's motion for reconsideration. It determined the new case relied on by Intelliloan was

---

[7] Section 1281.97 concerns the fees or costs required to initiate an arbitration proceeding.

distinguishable and that case's finding regarding preemption was dicta. The trial court also noted, although there was a split in authority, "the vast majority of California appellate decisions hold that . . . the FAA does not preempt [sections] 1281.97 and 1281.98 because prompt payment of arbitration fees promotes rather than hinders resolution via arbitration." Intelliloan appealed.

DISCUSSION

"Section 1281.98 establishes a default rule that when the party who drafted an arbitration agreement is responsible for paying fees and costs to an arbitrator, that party must pay an arbitrator's invoice 'within 30 days after the due date' [citation], and 'the arbitration provider shall issue all invoices to the parties as due upon receipt' [citation]. The parties may contract around the default rule by specifying in their agreement 'the number of days in which the parties to the arbitration must pay any required fees or costs' or by agreeing to an 'extension of time for the due date.' [Citation.] If the drafting party fails to make timely payment, it 'waives its right to compel the employee or consumer to proceed with that arbitration' [citation], and the employee or consumer may choose to '[w]ithdraw the claim from arbitration' and proceed in court [citation] or '[c]ontinue the arbitration' if the arbitrator agrees [citation]." (*Hohenshelt, supra*, 18 Cal.5th at p. 323.)

Prior to the California Supreme Court's decision in *Hohenshelt*—which was issued after the trial court's order—the statute had "been applied strictly, regardless of whether an untimely payment was deliberate or inadvertent." (*Hohenshelt, supra*, 18 Cal.5th at p. 332.) Additionally, "[w]ith one exception, the Courts of Appeal ha[d] upheld the [California Arbitration Act's] payment provisions against preemption challenges." (*Id.* at p. 326.)

7

In *Hohenshelt*, our high court addressed whether the FAA preempts section 1281.98 and clarified the proper interpretation of section 1281.98. (*Hohenshelt, supra*, 18 Cal.5th at p. 323.) In that case, the plaintiff sued his former employer, which successfully moved to compel arbitration. (*Id.* at p. 324.) Arbitration proceeded until the former employer failed to pay two invoices within 30 days, and the plaintiff filed a motion in the trial court to lift the stay of court proceedings. (*Id.* at pp. 324–325.) The former employer paid the invoices shortly after the motion was filed. (*Id.* at p. 325.) The trial court denied plaintiff's motion to lift the stay, but the Court of Appeal reversed. (*Ibid.*)

The California Supreme Court held "section 1281.98, properly construed, is not preempted by the FAA." (*Hohenshelt, supra*, 18 Cal.5th at p. 323.) It explained: "Although section 1281.98 has been interpreted by various Courts of Appeal to impose an inflexible and sometimes harsh rule resulting in loss of arbitral rights, we reject that rigid construction and instead conclude that the statute does not abrogate the long-standing principle, established by statute and common law, that one party's nonperformance of an obligation automatically extinguishes the other party's contractual duties only when nonperformance is willful, grossly negligent, or fraudulent." (*Ibid.*) The Supreme Court continued: "[T]he Legislature sought to deter companies and employers from engaging in *strategic* nonpayment of arbitration fees; we find no indication that it intended to strip companies and employers of their contractual right to arbitration where nonpayment of fees results from a good faith mistake, inadvertence, or other excusable neglect." (*Ibid.*; see also *id.* at p. 343 ["a drafting party can avoid forfeiture of its right to arbitration by showing that the delay was excusable under section 473,

8

Civil Code section 3275, or Civil Code section 1511, the background principles that generally apply to other contractual obligations"].)

Given its "clarification that section 1281.98 does not displace background statutes permitting relief to a breaching party in certain circumstances," the *Hohenshelt* court "direct[ed] the Court of Appeal to remand the matter to the trial court for consideration of whether [the former employer] may be excused for its failure to timely pay arbitration fees, such that the stay of litigation should not be lifted and the parties should be returned to arbitration, and whether the delay resulted in compensable harm to [the plaintiff]." (*Hohenshelt, supra*, 18 Cal.5th at p. 349.)

Because the briefing on appeal in this case was completed prior to *Hohenshelt*, we invited supplemental briefing to address the effect of that decision. Intelliloan argues *Hohenshelt* requires us to remand the matter to the trial court. Pontes asserts we should affirm because *Hohenshelt* held the FAA does not preempt section 1291.8, "the evidence shows Intelliloan deliberately failed to make payments to stall arbitration proceedings to prevent Pontes from obtaining discovery" (boldface omitted), and "Intelliloan failed to provide any record or argument showing its failure to pay was a good faith mistake, inadvertence[,] or excusable neglect."[8]

The trial court did not have the benefit of *Hohenshelt*'s holding regarding the proper interpretation of section 1281.98 and the significance of whether the failure to pay the arbitration fees was a result of a good faith

---

[8] Pontes also asserts "[t]he arbitration agreement in this matter expressly states the procedural provisions of the California Arbitration Act should be applied in any arbitration of this dispute brought under the [a]rbitration [a]greement at issue here." Pontes has not explained how that changes the impact of *Hohenshelt* on this appeal. *Hohenshelt* assumed the California Arbitration Act applied. (*Hohenshelt, supra*, 18 Cal.5th at p. 327.)

mistake, inadvertence, or other excusable neglect. It therefore made no findings on whether Intelliloan's untimely payment was excusable or, as Pontes claims, a deliberate strategic choice.

We decline to make that determination in the first instance. We therefore reverse the trial court's order and, as in *Hohenshelt*, remand the matter for consideration of whether Intelliloan "may be excused for its failure to timely pay arbitration fees, such that the stay of litigation should not be lifted and the parties should be returned to arbitration, and whether the delay resulted in compensable harm to" Pontes. (*Hohenshelt, supra*, 18 Cal.5th at p. 349.)

Finally, we address two points raised by the parties in their supplemental briefing.

Pontes asks us to revisit whether there was ever an enforceable arbitration agreement to begin with and to affirm the trial court's order vacating arbitration on the ground there was not. Pontes cites to the eight Licensing Cost and Repayment Agreements and contends "[t]he most recent agreement between Pontes and Intelliloan, dated January 2, 2020, states the disputes between the parties would be in Orange County Superior Court." Pontes argues that agreement (1) superseded the earlier arbitration agreement that formed the basis of Intelliloan's motion to compel arbitration and (2) belies Intelliloan's representation, in its briefing on the motion to compel arbitration, that there were no agreements that superseded the underlying arbitration agreement.

Pontes made this argument to the trial court in his opposition to Intelliloan's motion for reconsideration. The court's order did not address the issue, presumably because it denied Intelliloan's request that it reconsider its order terminating the arbitration for nonpayment and there was no need for

10

it to reach this alternative new argument. We decline to address the issue in the first instance.

For its part, Intelliloan's supplemental brief asks that we direct the trial court, on remand, to consider not only whether Intelliloan's non-payment of arbitration fees was excusable, but also "any other contractual-based defenses (e.g., waiver)" that Intelliloan may raise. It is not clear what Intelliloan is suggesting. To the extent it is referring to its prior argument that Pontes waived his right to withdraw from arbitration by continuing to participate in the arbitration proceedings knowing the fees had not been paid, the trial court rejected that argument and Intelliloan did not argue on appeal that it erred in doing so. To the extent Intelliloan is suggesting it wishes to raise some new (but unarticulated) contract-based defenses to Pontes's request to withdraw from the arbitration, we leave it to the court to determine whether any such new arguments or defenses are properly before it on remand.

## DISPOSITION

The order is reversed, and the matter is remanded to the trial court for further proceedings consistent with this opinion and *Hohenshelt*, including whether Intelliloan may be excused for its failure to timely pay arbitration fees and whether the delay resulted in compensable harm to Pontes. In the interests of justice, the parties are to bear their own costs on appeal.

GOODING, J.

WE CONCUR:

MOTOIKE, ACTING P. J.

SCOTT, J.